# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50206 | **DATE** | 12/29/2003 |
| **CASE TITLE** | ROMANISZAK-SANCHEZ vs. LOCAL 150 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 30 2003 date docketed | 24 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | | | 12-30-03 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Joanne Romaniszak-Sanchez, filed suit against defendant, Local 150, International Union of Operating Engineers, her former employer, alleging hostile work environment sexual harassment (Count I) and retaliation (Count II) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Jurisdiction and venue are proper in this court under 42 U.S.C. § 2000e-5 (f) (3). Defendant moves for summary judgment.

Plaintiff began working for defendant in January 1999 as a dispatcher/secretary in its District 4 office in Rockford, Illinois. Plaintiff's supervisors during her employment were Bea McManus and Joe Ward. Neither McManus or Ward worked regularly at the District 4 office. Defendant's business agents Scott Dahl, Mike Milliken, Joe Ross, and Terry Waldron and organizer, Mark McCaffrey, worked out of the District 4 office. The business agents could make recommendations concerning the work of defendant's staff and direct some of the daily work of the dispatcher/secretary. In October 1999, plaintiff married a member of defendant, Dominick Sanchez ("Sanchez"), who is of Mexican descent. Sanchez continues to work out of defendant's District 4 office as an operator. After Sanchez and plaintiff married, the business agents believed Sanchez spent too much time around the District 4 office and there were concerns plaintiff spent too much time on the phone with family members. In January 2000, McManus visited the office and advised plaintiff that Sanchez's "hanging around too much" was a problem and could be grounds for termination. McManus also criticized the office record keeping at this time and attributed the problem to plaintiff. In June 2001, the District 4 business agents (except Milliken) and organizer agreed to ask that plaintiff be terminated. MCaffrey contacted Ward who made the termination decision. Ward instructed Attorney Ken Edwards to terminate plaintiff's employment. Plaintiff was terminated on June 4, 2001. On November 26, 2001, plaintiff filed a charge with the Illinois Department of Human Rights and the EEOC. This charge claimed a sexually hostile work environment from January to June 2001 based on sexually suggestive remarks and jokes and foul language. It also asserted harassment based on her being married to a man of Mexican descent and that she was discharged because she was married and because she was married to a man of Mexican descent.

"To establish a prima facie case of hostile environment sexual harassment, a plaintiff must demonstrate that: (1) she was subjected to unwelcome sexual harassment; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability." Robinson v. Sappington, No. 02-3316, 2003 WL 22889501, *10 (7th Cir. Dec. 9, 2003) (internal quotation marks and citations omitted). The third prong requires the environment be both subjectively and objectively hostile. Id. "Not every unpleasant workplace is a hostile environment. The occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers would be neither pervasive nor offensive enough to be actionable. The workplace that is actionable is hellish." Rogers v. City if Chicago, 320 F.3d 748, 752 (7th Cir. 2003) (citations omitted). Plaintiff's workplace may have been unpleasant but it was not hellish. Plaintiff was subjected to hearing the men in the office use vulgar language in there general conversations. One of them made several remarks directly to her of a sexual nature related to plaintiff's husband, he also once commented on the size of her chest, once asked her to sit on his lap to "see what comes up," and in reference to women who came to the office stated he could "do them." He once asked plaintiff what her private parts looked like and frequently told a story in which he commented on the private parts of an elderly woman he had seen while working as an EMT. Shortly before her termination, a member of defendant made the comment to plaintiff that women are "on their knees the first year they are married." While certainly vulgar, these statements were not severe or pervasive enough to be actionable. Id.

Plaintiff also argues she was terminated in retaliation for complaining about sexual harassment. However, this claim was not included in her EEOC charge. The EEOC charge lists as the cause for discrimination "marital status." In the particulars portion of the charge, plaintiff sets out sexual harassment, harassment due to marital status and being married to a person of Mexican descent, and discharge due to marital status and being married to a person of Mexican descent. The charge makes no reference to retaliation for complaints about sexual harassment. In a Title VII suit, a "plaintiff may bring only those claims that were included in her original EEOC charge, or that are like or reasonably related to the allegations of the charge or growing out of the charge." Gawley v. Indiana Univ., 276 F.3d 301, 313 (7th Cir. 2001). Plaintiff's charge simply does not include any indication at all that she believed she was terminated for complaining about sexual harassment. The adverse employment action, her termination, is linked in the charge only to her marital status and the fact her husband was of Mexican descent. Retaliation is the "'adverse consequence deliberately attached to the exercise of a right protected by law.'" O'Rourke v. Continental Casualty Co., 983 F.2d 94, 97 (7th Cir. 1993); Angevine v. Watersaver Faucet Co., No. 02 C 8114, 2003 WL 22118927, * 8-9 (N.D. Ill. Sept. 12, 2003) (Guzman, J.). The charge does not provide any basis for inferring plaintiff was claiming she was terminated for complaining about sexual harassment. Plaintiff's retaliation claim has been waived.

Even if it were not waived, the retaliation claim would fail. Plaintiff admits she does not have direct evidence of retaliation. She argues she can proceed under the circumstantial evidence prong of the direct method of proof. See Rogers, 320 F.3d at 753-54. However, she has not provided any evidence from which an inference of intentional discrimination can be drawn. Id. She offers evidence that the District 4 staff recommended her termination and that her supervisor terminated her after this recommendation. However, she offers no evidence that this action was in retaliation for complaints about sexual harassment. She cannot prove a claim under the direct method.

Under the indirect method of proving retaliation, a plaintiff establishes a prima facie case by showing "(1) she engaged in a statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite her satisfactory job performance she suffered an adverse action from the employer; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." Sitar v. Indiana Dep't. of Transp., 344 F.3d 720, 728 (7th Cir. 2003). Plaintiff has not presented any evidence she was performing her job according to her employer's legitimate expectations. She has also not presented any evidence of similarly situated employees being treated differently. Plaintiff has not established a prima facie case.

For the foregoing reasons, defendant's motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.